## THOMAS D. WADDIL, Tutor, *v.* ELIZABETH THOMPSON.  WILLIAM SHAW, Intervenor.

This suit was brought by a father as tutor of his minor child, who was the real plaintiff. Pending the appeal, the child died. The father suggested the death, and asked to be made a party to the suit in his own right. *Held:* That there was evidence in the record that the father was the only heir at law, and therefore entitled to prosecute the appeal in his own right.

APPEAL from the Districh Court of the Parish of Caddo, ——, J.*
By the court:

ROST, J. This is a possessory action, in which the plaintiff, as tutor of his infant daughter, claimed from the defendant a slave, which he alleged had been in the possession of his late wife, as owner, during more than one year at the time of her death.

The defendant disclaimed any right to the slave, but *William Shaw*, the grandfather of the minor, intervened, alleging the possession to be in him, and that of his grand-daughter to have been precarious, and insufficient to support the present action.

The case was tried before a jury, who found for the plaintiff, in the capacity in which he sued. And *William Shaw* has appealed from the judgment rendered on the verdict.

During the pendency of the appeal, the child, who was the real plaintiff in the suit, died, and her father, the nominal plaintiff, suggested her death in court, and applied for leave to become a party to the suit in his own right, and to prosecute the same to final judgment, on the ground that he is the sole heir of his deceased child, and entitled, as such, to her entire succession. A brief on the merits has been filed on his behalf.

The appellant admitted the death of the minor, but he has not appeared to give his consent to this change of parties; and if the record did not contain satisfactory evidence of the truth of the facts upon which the application is made, we would feel it our duty to remand the cause to try the issue of heirship. But it is in evidence, that *Virginia Shaw*, the wife of the plaintiff, was a young maiden, living in the house of her guardian, the intervenor, at the time of her marriage, in July, 1849, and that she died in October, 1850, leaving an only child, since deceased. Under that state of facts, there could be no testamentary heir, and the father was necessarily the only heir at law. He is, therefore, entitled to prosecute the appeal in his own right.

On the merits, the case turns upon questions of fact, and the verdict and judgment are fully sustained by the evidence. The mode in which the intervenor, *Shaw*, obtained possession of the slave after the death of his grand-daughter, would, alone, justify them. He made oath before a justice of the peace, that

---

*This case was decided in New Orleans by consent.

he believed that his grand-daughter had come to her death by the act of the slave in controversy, and caused a warrant to issue for her. His own overseer having been appointed special constable, executed the warrant and took her for safe keeping to the intervenor's plantation, who then discontinued the prosecution, stating that he was sorry for what had been done, but refused to return the slave to the plaintiff.

It is therefore ordered, adjudged and decreed, that *Thomas D. Waddil* be recognized as the legal representative of the plaintiff, and that he be made a party to the appeal in his own right. It is further ordered and decreed, that the judgment of the court below be affirmed, with costs.